ARMSTRONG, Judge.
This is a concursus proceeding. Appellants contest the trial court’s division of the funds.
During his lifetime Conrad Dale Stout contributed to the following retirement funds: The Kullman, Lang, Inmann & Bee Self-Employed Retirement Trust (hereinafter referred to as The Retirement Trust) and The Kullman, Lang, Inman & Bee, A Professional Corporation Money Purchase Pension Plan (hereinafter referred to as The Pension Plan). Appellee, Francine D. Stout, is the widow of Conrad Dale Stout *908 and was designated as sole beneficiary of both of the retirement funds.
After Stout’s death the Trustees of The Pension Plan provoked this concursus proceeding and in the petition named Francine Stout and Conrad Stout’s two children by a former marriage, Angela Kathryn Stout and Martha Moncure Stout, as claimants to the pension plan benefits in the amount of $51,212.94. Whitney National Bank intervened as trustee of The Retirement Fund, citing the same claimants and depositing $30,945.68 with the court.
Francine Stout, who is also the adminis-tratrix of Conrad Stout’s succession, filed a motion for summary judgment averring that one-half of the funds belonged to her individually, as her portion of the community property; and that one half of the funds belonged to her individually, as beneficiary, subject to the legitime of Angela Stout and Martha Stout. In addition, Mrs. Stout requested that one-quarter of the funds, representing the legitime of the forced heirs, be deposited with her as administratrix.
The trial court granted the motion for summary judgment. In its reasons for judgment the court cited the case of T.L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La.1976) as its authority for the distribution of the funds as follows:
MONEY PURCHASE PENSION FUND
(Distribution)
Francine D. Stout - Community Interest $25,606.47
Francine D. Stout - Beneficiary 12,803.23
Francine D. Stout - Administratrix 12,803.25
TOTAL $51,212.94
SELF EMPLOYED RETIREMENT TRUST
Separate $ 6,144.62
Community 24,801.06
TOTAL 30,945.68
(Distribution)
Francine D. Stout - Community Interest 22,400.52
Francine D. Stout - Beneficiary . 9,272.58
Francine D. Stout - Administratrix 9,272.58
TOTAL $30,945.68.
Martha Moncure Stout and Kathryn Stout appeal from that decision.
Appellants complain that the trial court erred in ordering the payment of the sums of $12,803.23 from The Pension Fund and $9,272.58 from The Retirement Trust to Francine D. Stout as Administratrix of Conrad Stout’s Succession. Relying on T.L. James & Co., Inc., supra, appellants contend that those funds should have been paid to them as the forced heirs of Conrad Stout, or in the alternative, that the entirety of funds, or that portion which is not community property, should have been deposited with Francine D. Stout, as adminis-tratrix.
The pertinent facts of the T.L. James & Co., Inc., case are similar to those in the instant case. Thomas W. Montgomery Jr. was married to Sybil Chauvin and they had one son, Thomas W. Montgomery, III. During the marriage Montgomery, Jr. worked for T.L. James & Co. and participated in its retirement plan. Montgomery eventually divorced Chauvin and married Goldie Greig. Montgomery and Greig also had one son, Monty George Montgomery. Eventually Montgomery and Greig separated. Thereafter Montgomery, Jr. designated Montgomery, III as beneficiary of the T.L. James & Co. retirement plan. After Montgomery Jr.’s death a dispute arose between Montgomery, III, Sybil Chauvin, Goldie Grieg and Monty George Montgomery over the right to retirement benefits in the amount of $37,545.30, prompting T.L. James & Co. to provoke a concursus proceeding to determine entitlement to the retirement benefits.
On rehearing in that case the Louisiana Supreme Court stated:
although the contractual beneficiary may receive in full ownership the share of the funds passing to him by virtue of the decedent’s contractual designation of him as beneficiary, he does so with the obligation to account to any complaining forced heir or spouse in community if his receipt of proceeds violates either the former’s legitime or the latter’s community ownership rights (as set forth more fully in the earlier part of this opinion). Where, before the disbursement to the beneficiary, the payors (as here) have received written notice of opposing *909 claims of the estate or of a surviving spouse, they may provoke a concursus in which the claims of the beneficiary, of the estate (in which claims of forced heirs may be adjudicated), and of the surviving spouse to the proceeds may be apportioned in accordance with the views above set forth.
T.L. James & Co., Inc., supra, at 855. We think that the trial court correctly interpreted this passage as allowing it to apportion the money between the beneficiary, the estate, including the claims of the forced heirs, and of the surviving spouse.
However, in T.L. James & Co., Inc., the Supreme Court concluded its discussion by dividing the funds as follows:
Upon remand to the district court, the funds on deposit are to be apportioned, in accordance with the above principles, to: (a) T.W. Montgomery III, the contractual beneficiary, receiving them as owner by virtue of the contract; less (b) funds due to the surviving spouse, Mrs. Goldie Grieg Montgomery, arising out of her community ownership ... (c) funds due, if any, to the other forced heir, the minor Monty George Montgomery ..., if (and only to the extent that) his legitime has been invaded by the otherwise-valid contractual disposition of the funds to T.W. Montgomery III. Since the decedent’s estate is also a party to this proceeding, determination of the latter’s claim, if any, may be accomplished on the remand of the present proceedings.
T.L. James & Co., Inc., supra, at 856. This disposition of the funds clearly shows that the funds belong to the beneficiary unless and until the forced heir can prove that his legitime has been impinged by the contractual donation to the beneficiary. Since the trial court has apparently apportioned the available funds without determining whether the legitime has been impinged, we must remand this case for that determination. If there is no impingement, then Francine Stout, as beneficiary, will be entitled to all of the retirement funds. However, if the legitime is impinged the forced heirs will be entitled to that amount of the retirement funds necessary to remove the impingement from their legitime.
For the foregoing reasons the judgment of the trial court is affirmed and remanded.
AFFIRMED IN PART AND REMANDED.
REDMANN, C.J., concurs.